UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

AL FALAH CENTER, et al.,

        Plaintiffs,

v.

TOWNSHIP OF BRIDGEWATER, et al.,

        Defendants.

Civil Action No. 11-2397 (MAS) (LHG)

**MEMORANDUM ORDER**

---

This matter comes before the Court upon Defendant[1] Township of Bridgewater's ("Township" or "Defendant") Motion for Stay Pending Appeal pursuant to Federal Rules of Civil Procedure ("Rule") 7(b) and 62. (Def.'s Mot., ECF No. 98.) Plaintiff[2] Al Falah Center ("Plaintiff" or "Al Falah") filed Opposition. (Pl.'s Opp'n, ECF No. 105.) Defendant filed a Reply. (Def.'s Reply, ECF No. 106.) The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1.

On September 30, 2013, the Court granted Plaintiff's request for a preliminary injunction enjoining Defendant from enforcing Ordinance 11-03 against Plaintiff, directing Defendant to resume consideration of Plaintiff's January 6, 2011 Site Plan Application (as amended) without consideration of Ordinance 11-03, and not requiring Plaintiff to post bond pursuant to Rule 65(c) ("September 30 Order"). (ECF No. 94.) Nearly one month later, Defendant filed its motion to

---

[1] The Defendants in the instant matter include the Township of Bridgewater, the Township of Bridgewater Planning Board, and the Township Council of the Township of Bridgewater. (Compl.)

[2] Plaintiffs also include Tarek Abdelkader, Yasser Abdelkader, Zahid Chughtai, Babar Farooqi, Nabeela Farooqi, Ayesha Khan, Omar Mohammedi, Amina Mohammedi, and Sara Wallis, all of whom engage in the practices of the Islamic faith. (Compl. ¶ 21.)

stay the preliminary injunction pending its appeal to the U.S. Court of Appeals for the Third Circuit, contending that staying the preliminary injunction and maintaining the status quo is appropriate in light of the significant legal questions arising out of the Court's September 30 Order. (Def.'s Mot. 2.)

"[T]he standard for obtaining a stay pending appeal is essentially the same as that for obtaining a preliminary injunction. . . . To qualify for preliminary injunctive relief, a party must demonstrate '(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief.'" *Conestoga Wood Spec. Corp. v. Sec'y of U.S. Dep't of Health & Human Servs.*, No. 13-1144, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013) (quoting *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)).

The Court concludes that Defendant has not established the four elements necessary to stay its September 30 Order pending Defendant's appeal. Specifically, the Court finds that Defendant has not sufficiently established that it has a likelihood of success on the merits of its appeal. In its motion, Defendant contends that it has a likelihood of success on appeal because the Court did not have subject matter jurisdiction to issue the preliminary injunction and that it erred when it relied on *County Concrete Corp. v. Town of Roxbury*, 442 F.3d 159 (3d Cir. 2006) to determine that Plaintiff's claims were ripe for adjudication. (Def.'s Mot. 1-11.) In determining that Plaintiff's claims were ripe, the Court adhered to the prior decision of the Hon. Joel A. Pisano, U.S.D.J., denying Defendant's motion to dismiss and concluding that Plaintiff's claims were ripe under *County Concrete*. (Mem. Op., ECF No. 95, at 10-11.) In addition, the Court noted, in regard to Judge Pisano's previous decision, that "'[u]nder the law of the case doctrine,

2

once an issue is decided, it will not be relitigated in the same case, except in unusual circumstances.'" (*Id.* at 11 n.6) (quoting *Hayman v. Cash Register Co. v. Sarokin*, 669 F.2d 162, 165 (3d Cir. 1982)).

Defendant's present motion presents neither evidence nor recent case law to cast doubt on the Court's or Judge Pisano's decisions. The Court resolved the issue of ripeness in favor of Plaintiff, and Defendant, through its present motion, is implicitly asking the Court to revisit its finding. The Court is not convinced by Defendant's arguments and, in addition, finds that Defendant has not demonstrated "unusual circumstances" for the Court to depart from the law of the case doctrine. Based on the foregoing, and other good cause shown,

**IT IS**, on this <u>6th</u> day of January, 2014, ORDERED that Defendant's Motion for Stay Pending Appeal is **DENIED**.

                                                                                                   */s/ Michael A. Shipp*
                                                                                 **MICHAEL A. SHIPP**
                                                                                 **UNITED STATES DISTRICT JUDGE**